22 53 48 William Dean Parker et al versus Sarah Hinton and her capacity oral argument not to exceed 15 minutes per side may it please the court my name is Lonnie Lester I come to you from the Memphis Tennessee bar on behalf of the appellants Deanie Parker and Rose Banks with the court's permission I'd like to reserve five minutes for rebuttal good appellate seek review of the district court's grant of summary judgment on the issue of compliance with the 1909 copyright act now very briefly your honors the defendant has raised the issue of standing as to both both plaintiffs but this is an issue that has already been decided at the district court level twice twice the district courts found that the plaintiffs have standing of course they have standing now there's also another threshold issue want that is the issue of waiver whether the plaintiffs raise a new argument for the first time on appeal there is your honors no waiver consistent with every step of the litigation in both Parker one and in this case the plaintiffs and the court the courts have understood I'm sorry rather the parties in the courts have understood that the plaintiffs properly registered their song as an unpublished work meaning they made the requisite submission of a copy of sheet music reducing their work to judge held you did not submit proof that you had that's right your honor but that and you first time you offer any proof is up here your honor I would submit that the vote how do we consider that when you didn't give it to the district judge to consider I would submit that we did your honor say that start with the fact of registration and that following register the fact of registration and undisputed fact a fact that the district court found we would then ask when after the question is how do we consider any kind of evidence that you didn't give to the district court that you now give to us well your honor we're not asking the court to consider new evidence we're asking the court to consider only the proof that was before the court on summary judgment the district court on summary judgment and that includes the fact of registration which in which if the court which it did reach the conclusion that plaintiffs properly registered their work then it means that they must have made the deposit copy because the certificate of registration and the fact of registration could not have occurred without the deposit of the written reduction of their composition to writing well may not be you may be right but you didn't give that to the court plaintiffs arguments followed from the fact of registration in our briefing on our summary judgment briefing we start with registration and then ask when after registration would the plaintiffs been required to submit deposit copies there are only two cases instances in which they would have been required to submit deposit copies you have a case that says that evidence you've given to have not given to the district court that this court can consider it no your honor it's again the appellant's position that we are not submitting new evidence but making clear that the parties were innocent in essence talking past one another and that that did not become clear until after the court issued its opinion plaintiffs argued consistently at the district court level that they started with the fact of registration and then following registration would only be required to submit deposit copies upon publication or a demand from the copyright registrar's office all of the briefing was consistent with this understanding including the plaintiff's response to the defendant's statement about material facts that there is no proof that defendants submitted deposit copies of their work because there was never an instance in which they would be required to with the understanding that that would be post publication because publication never occurred under the 1909 act there was never an instance in which they would you concede on in the district court that you did not deposit a copy of the song to the copyright yes your honor understanding that a deposit copy was a phonographic recording or another deposit required post registration we would submit that our statement that it was undisputed that there was no proof of the fact of a deposit copy being made is consistent with the rest of our briefing in that we are following from the fact of registration as your honor mentions the case is your argument that the fact that there was a certificate of registration and the district court would have been aware of that or was made aware that that was sufficient evidence that there was a deposit copy on file in as much as you can't get a certificate of registration without the part without a deposit copy yes that's your argument yes your honor and so the rest of the analysis and on summary judgment briefing would follow but you conceded otherwise and you just produce that in this court right we could we conceded that there was no proof that the plaintiffs ever had to submit a deposit copy following registration because they never did they registered their work as an unregistered work and after they made the deposit to secure the registration for the first time any courts heard about this registration is this court when you brought up an argument yes that's that's right judge because we didn't understand that the court did not follow our analysis until the issue the opinion was issued so there wasn't an opportunity to make a clarification how can we say the court below is wrong when they considered the evidence that was before them we would submit that the court may have missed a step right and that's the step of registration the publication but you didn't submit deposit copies that were required for you to have registered your copyright in the same paragraph in which the court makes its findings that the plaintiffs have not submitted proof of a deposit copy it also makes a finding as to the fact of registration and cites further in the court's opinion to the section of the 1909 Copyright Act which states that in order to secure the certificate of registration one must make a deposit of the written composition of the musical work those two findings are contradictory it cannot be both be the case that plaintiffs never made a deposit but secured registration so your argument really is that because the certificate of registration evidences a deposit copy on file the district court didn't have to be told anymore from a from an evidentiary standpoint and the district courts ruling is an error of law that the district court was not missing the that the court needed to rule in your favor it was just an erroneous legal decision is that is that really your argument your honor we believe it was a misunderstanding yes yes your honor we believe it was a misunderstanding of what the law required we understand that the appellee the defendant has argued that it was a misunderstanding of fact and it could be your honors both we are issue but again the error was not clear until the court issued its opinion the but the problem is you don't have a case that says that a certificate of registration is in and of itself sufficient without without presenting a deposit without having presented a deposit copy you don't you don't really have a case that supports your position or at least explicitly does so we would submit that the plain language of the statute which requires I'm sorry your honor go ahead we would submit that this plain language of the statute which requires a submission of a deposit copy before the register can issue the from the fact of registration and only then ask when else would the parties be required the plaintiffs rather be required to submit a deposit copy judge Davis has a question when you say that I guess the problem that I'm having when you say that you know we're ships passing in the night in terms of what was being presented in the district court if the registration itself were presented in district court then perhaps I could understand what the ships passing were but the argument before the district court didn't make plain what was necessary under the statute and what plaintiff had that could satisfy the statute was it we are it was never a question no one ever disputed in the plaintiffs briefing we start with the fact of registration and then all of our analysis flows from the fact of registration in our statement of additional material facts we talk about the fact of registration which the defendants did not dispute and then the court even infinite opinion starts with the fact of registration and we would submit to your honors that if we're starting from the fact of registration the next question is when if if the plaintiffs have properly registered their work when after registration would they be required to submit a deposit copy the plaintiffs analyzing this issue on summary judgment said only in two instances on the upon the instance of publication or upon a demand from the registrar's office and because neither of those events occurred they did not have to make a submission of another deposit copy so there would be no proof that there that they were required to do so which is why we responded the way we did in response to the summary judgment or excuse me the statement of undisputed material facts presented by the morning morning your honors michael johnson with k griffin in nashville tennessee for the for the defendant sarah hinton as the executor of the from gimme some lovin was lifted from ain't that a lot of lovin written by plaintiffs now that's significant because as you just observed they admitted in the district court that no deposit copy exists that was one of the first things we did was send requests for production give us a copy of the deposit copy they said no such documents exist and this is important because the nineteen sixty six copyright registration on which they based their planning let me interrupt you for one moment you're asking them for deposit copy couldn't you have gone directly to the copyright office and found out whether there was a deposit copy on file you could have done that on your own instead of demanding the copy from them and concluding or arguing that they lose because they couldn't cough up the copy and you easily could have resolved that by inquiry at the copyright office why didn't you do that we did your honor and the copyright office did not have a copy of the deposit well yeah but they had a record that a deposit copy had been presented because there was a certificate of registration a certificate of registration there's a stamp on it that says one copy received but this is why this is important the scope of the deposit copy determines the scope of copyright protection and particularly when you're dealing with a composition in pre-1972 as your honors are aware you could not get a copyright in a sound recording it was compositions only and deposit copies for compositions to this day vary greatly in terms of what they look like it could be a one-page sheet with just the lyrics it could be the full notation in this case including the base riff we don't know what that deposit copy looks like or whether it even included the base riff that is the subject of the plaintiff's claim and if it didn't include the base riff even if they just submitted a deposit copy they don't have copyright protection in that base riff that is black letter law and that was one of the you know one of the principal arguments we made below was show us the deposit copy neither the gold because nobody has a deposit copy we don't know what the scope of this copyright protection is plaintiffs can't show they even have copyright protection in the base riff even assuming that this copyright registration is valid and the deposit copy was submitted we don't know what that deposit copy looked like or whether it included the base riff as part of that song and herein lies the argument that the deposit copy was never submitted. Well what of their argument though that there was no trigger for a deposit copy to ever be presented their publication didn't occur there wasn't a demand for it and therefore there was no obligation necessarily for that to happen. We don't have to get there we made two alternative arguments in the summary that a deposit copy be submitted as a condition proceeding to protection for an unpublished work if it's unpublished you've got to submit a deposit copy with your application so we sent because we couldn't get a copy of the deposit copy from the copyright office we couldn't get a copy from the defendants as part of our motion for summary judgment we said you know disputed or undisputed that no deposit copy was submitted they said undisputed the trial court found that explicitly plaintiffs do not argue that the court should infer from the certificate of registration that the deposit copy was filed. Plaintiffs never made that argument below and so it was indeed undisputed that a certificate of registration existed for a song we don't know if it included the base riff that's the subject of plaintiff's claim we just don't know because we don't have a deposit copy and plaintiffs did not argue below that the court should infer from the certificate of registration that the deposit copy was filed so we don't even have to get to the question of okay what happens once you register an unpublished work and then it's published what determines prompt in terms of or you know when do you have to submit a deposit copy after publication we don't even have to get there we did make that argument below as an alternative but our first argument was we don't have a cannot bring this copyright infringement action or even if they can based on the certificate the scope of the copyright is determined by that deposit copy which nobody has does not exist now even if this argument about the copyright registration itself being evidence of deposit copy even if plaintiffs had not waived that argument case law makes clear that it's simply a prima the certificate of registration is prima facie evidence and waived argument they may have forfeited argument by not making it but they never said they were waiving anything not an express waiver that's right it was an argument that was not made below and so even even if it was wasn't forfeited case law tells us that a certificate of registration was not stated therein but it's not it's not irrebuttable and so whereas there's other evidence in the record that rebuts the prima facie evidence in the certificate of registration that then that can defeat a plaintiff's copyright infringement claim and here the other evidence is plaintiff's own admission on summary judgment that there was no evidence that a deposit copy had ever been submitted plaintiffs admitted that on summary judgment the and found that the plaintiffs did not argue that that the fact of a deposit copy should be inferred from the registration itself so even if this argument was not forfeited the plaintiffs the other evidence that rebutts this prima facie proof based on the certificate of registration was rebutted by plaintiffs own admission that no deposit copy exists that's exactly why we sent the statement of undisputed facts and the request for now I did want to also briefly address this this phonographic issue that plaintiffs raised in briefing the no party below ever drew a distinction between a sound recording and a composition we all knew we were talking about a composition here this is a sound this is a a registration for a composition one of the alleged errors that plaintiffs raised that the trial court incorrectly found that they were required to submit a phonographic deposit copy the trial court simply never found that you can look at the trial courts order and there was no mention of a sound recording or phonographic or anything like that this trial court simply found exactly what the plaintiffs conceded that no deposit copy was ever submitted now on standing there's really two issues on standing that we made two alternative arguments below one was that under the 1909 Act the only person that can sue for infringement of copyright is the owner of the copyright and based on Justice Stewart's dissenting opinion that we cited in our briefing we submit that the 1909 Act and there's scant case law on this issue admittedly and there's a Ninth Circuit case a few other cases that we've cited but that the 1909 Act should govern standing for infringement of a copyright registered under the 1909 Act and that neither of the plaintiffs are owners of the copyright and and that that was our standing argument that they did simply don't have standing on the 1909 Act they assigned away their rights now the alternative argument is that at a minimum Miss Banks does not one of the plaintiffs does not have standing under the 1976 Act this was an argument that we made below because it Mr. Mr. Banks Miss Banks husband signed away his rights he said that this was a work-for-hire he sent a work-for-hire agreement and under under 1976 Act and case law if you sign a work-for-hire agreement you do not have right to sue for infringement under the 1976 Act you don't have standing the trial court said in our first of all in Parker one neither the trial court nor this court addressed the work-for-hire issue in our case the trial court said that it the trial court basically found that it was a disputed fact as to whether it was a work-for-hire or not in our argument was well we have a work-for-hire agreement signed by Mr. Banks it is what it is it says what it says based on that Miss Banks has no standing because he signed a work-for-hire agreement and it's established that you cannot sue for infringement if you sign a work-for-hire agreement under the 1976 Copyright Act so but at the end of the day it from defendants perspective this comes down to the lack of a deposit copy again planets whole case turns on the bass riff from that they say was taken from ain't that a love lovin and used in gimme some lovin we're talking about a composition this is just like the blurred lines case that we've cited in briefing where the jury was not permitted to hear the sound recording at trial they were limited to what was submitted to the Copyright Office the deposit copy which was the notated music that was the scope of the copyright protection the same thing in this case if this were to go back down and go to a jury plaintiffs can't claim would be limited to the four corners of the deposit copy that's black letter law and we don't have a deposit copy the plaintiffs couldn't produce it we don't even know if the bass riff is part of this alleged copyright registration so the fact that this copyright register deposit does not exist is very important in this case because of the subject of plaintiffs claim which is that base room we don't even know if it's within the affirm the district court's grant of summary judgment in favor of defendant thank you thank you your honors the defendant argues for the first time that they went to the Copyright Office they asked for the deposit copy it wasn't there and that's why they came back and asked the plaintiffs for a copy of it the deposit how do we know it's the same music on that that you're well if the question your honor is whether or not the plaintiffs can produce the deposit copy for trial then we can answer in the affirmative yes we can produce the deposit copy and we can define the scope of the work at issue but this isn't a close case but I mean the district judge has got something in front of him that he's trying to decide whether he should do it as a matter of law or not and even if you submitted that registration how do you know that's the same music that you contend the copyright protected well your honor the plaintiffs are not arguing substantial similarity because this is a case where the defendants have admitted to the infringement but if it were that issue we've also produced an expert report that had that compares the reduction of music the question is to whether or not that's what is in the Copyright Office when we get to trial the plans would be happy to produce the deposit copy as it's understood as the written composition but it was not understood at the trial court level that what the defendants were asking for was a written composition what we understood they were asking for was a copy of the musical recording the sound recording that they contend was already published because you submit the published work and under the 1909 Copyright Act there is not publication without publication of the written work but the defendants have contended that there was publication because sound recordings exist can you prove your case if the deposit copy cannot be located based on expert witness testimony or where would that leave you if you can't if the deposit copy can't be located your honor I think I misspoke you're right we would have to trial but the issue of whether or not defendants could produce the actual written composition was not an issue that was discussed at the trial court level we understood that the defendants were asking for a record a sound recording and not for the purposes of defining the scope of the copyright to be protected but as a pre-suit requirement that allowed them to maintain the infringement action but the district judge was left with the locate the deposit copy or at least you didn't have a copy of it you understand your honor I would submit that that is that is correct but it was that misunderstanding was not evident until after the district court issued its opinion again the plaintiffs thought that everybody was on the same page that we're talking about deposit copies in the terms of phonographic recordings or sound recordings and that we're talking about when the plaintiffs would be required to issue a second deposit following the fact of registration if we're all starting from the fact of registration which the court does then we have to reconcile these inconsistencies with regard to the existence of any deposit copy or the existence of a deposit copy within the meaning of post publication well if I understand the defense's argument correctly and perhaps I don't they're saying that the registration was actually for the written composition and not for a phonographic copy so where does the understanding where does the misunderstanding come as between whether or not the the recorded copy that anyone is looking for is the phonographic copy and not the written composition where does that understanding derive your honor the plaintiff's position is that it we would never have had an opportunity or requirement to submit a phonographic recording deposit copy the 1909 act would have required us to submit two copies of what was published well that's not my question that my question really is as I understand their argument what they're saying is that the copy that had to be recorded was the written composition not the phonographic copy I understand your position that you know this is a phonographic but what they say is that the registration pertained to a written copy of the composition we don't dispute that your honor but they're also saying that we're all I think the inconsistency is that we're talking about when the plaintiffs would post registration have to have that deposit so they have talked they have suggested that the plaintiffs as an initial matter never made the requisite deposit we were starting post registration that plaintiffs having made the requisite deposit would only be required to make another deposit upon publication and so there it that difference was not quite apparent to the plaintiffs until of course after the court issued its order and so we while the plaintiffs were submitting that we never had to make a deposit copy in the form of a sound recording defendants have now argued that you know you should have made a deposit copy and it should have been the written composition but the distinction between whether there was a phonographic recording required or a written composition required with that issue did not appear until after the court issued its order and the plaintiffs filed their appeals so that we could clarify what we believe to be a dispute or rather a distinction between what was required under the law as opposed to a factual finding as to whether or not all right thank you very much for your arguments these will be submitted